## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XIAO QIN,<br>　　　　　Petitioner | : | No. 3:26cv1192 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JEFFREY BUTLER, Warden,<br>United States Penitentiary Lewisburg,<br>et al.,<br>　　　　　Respondents | : | |
| | : | |
| | : | |

**MEMORANDUM ORDER**

Before the court is a *pro se* petition for writ of habeas corpus filed by Petitioner Xiao Qin under 28 U.S.C. § 2241. (Doc. 1).[1] Xiao is detained by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at FCI-Lewisburg due to alleged violations of federal immigration law. He argues that his detention is unlawful because he has not been provided with a bond hearing. Xiao seeks immediate release. After review and for the reasons set forth below, the petition will be granted.

According to the petition, Xiao is a 37-year-old Chinese national and Falun Gong practitioner. (Doc. 1 at 2). As Xiao alleges, the government of the People's Republic of China detained his parents and sentenced them to eight years of

_____

[1] The court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2241(a).

imprisonment for practicing Falun Gong teaching. Id.  He seeks asylum in the United States due to alleged religious persecution.

Xiao entered the United States near Tecate, California on May 20, 2024. (Doc. 7-2, Resp. Ex. 1, I-213 at 2).  There, he encountered United States Border Patrol.  Agents arrested and processed the petitioner and then released him on his own recognizance. Id.   DHS also issued Xiao with a Notice to Appear charging him with violating 8 U.S.C. § 1182(a)(6)(A)(i) and advising him of a hearing date before an immigration judge more than one year in the future. Id. Thereafter, Xiao made his way to New York City.  Per the petitioner, he complied with every condition of release, appeared at every ICE check-in, completed every biometric requirement, and attended every immigration court hearing.  (Doc. 1, Pet. at 2).  Furthermore, according to the unrebutted allegations in the petition, Xiao worked as a driver in Queens to support his wife and two minor children, also noncitizens residing in the United States.  Id.

Xiao admits to being arrested in August 2025 as the result of an NYPD investigation into an assault. Id.  As Xiao alleges, he was the victim, not the aggressor.  Per Xiao, the assault charge against him has been dismissed and the records were sealed by the State of New York as part of an expungement process. Id. at 3.

According to respondents' records, Xiao was detained on October 6, 2025 when he reported for a scheduled ICE check-in at Federal Plaza in Lower Manhattan. (Doc. 7-2, Resp. Ex. 1, I-213 at 2). Xiao has been in federal custody at FCI-Lewisburg for almost nine months while removal proceedings play out.

On December 8, 2025, an immigration judge determined that Xiao was removable to the People's Republic of China. (Doc. 7-5, Resp. Ex. 4). The IJ denied petitioner's asylum and withholding of removal applications. Xiao appealed to the Board of Immigration Appeals. (Doc. 7-6, Resp. Ex. 5). The appeal remains pending. The IJ's removal order is not final.

Xiao argues that he is unlawfully and indefinitely detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute. Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute. Petitioner further argues that, due to this misclassification, his due process rights are being violated. Petitioner requests his immediate release from FCI-Lewisburg to cure this violation.[2]

The United States Attorney's Office for the Middle District of Pennsylvania filed a response on behalf of the Warden of FCI-Lewisburg and the other respondents. (Doc. 7). Upon review of the 48-page response, it is easier to

---

[2] Xiao has filed a motion for a temporary restraining order seeking, among other relief, his immediate release from custody. (Doc. 2, Motion for TRO at 1-2). Because the court will order Xiao's immediate release, the motion is moot.

3

discuss what the response does not contain with respect to the ostensible assault charge.  The Laken Riley Act mandates the detention of noncitizens "charged with," and/or "arrested for… acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."  8 U.S.C. § 1226(c)(1)(E)(ii).  An assault charge could place Xiao within the Laken Riley Act depending on the facts.  However, the government has not supplied any details about Xiao's arrest or the criminal proceedings in the State of New York.  Respondents also do not contest Xiao's assertions that his assault charges were dismissed and expunged.  Absent the requisite factual details, Section 1226(c)(1)(E)(ii) cannot be applied to Xiao's detention.

Rather, the government's response makes clear that it is justifying Xiao's detention under 8 U.S.C. § 1225(b)(2)(A).  Two appellate decisions align with the respondent's reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).  This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, the Eleventh Circuit Court of Appeals, and at least 370 federal

district court judges, including the undersigned, reject the government's reading of Section 1225.[3] See Lopez-Campos v. Raycraft, 175 F.4th 714, 734 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1265–85 (11th Cir. 2026); Barbosa da Cunha v. Freden, 175 F.4th 61, 96 (2d Cir. 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 175 F. 4th 828, 842–56 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).

With respect to this matter, the court sees no reason to deviate from Lopez-Campos, Hernandez Alvarez, Barbos da Cunha, or its prior decisions.[4]  In petitioner's case, he was released on his own recognizance at the border into the United States in May 2024.  He lived in the United States for over sixteen months before being detained.  As a result, Section 1226(a) applies to his detention, not

---

[3] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F.Supp. 3d 362, 369–72 (M.D. Pa. 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

[4] The Third Circuit heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1451 (3d Cir. Mar. 2, 2026).

Section 1225(b)(2)(A).[5]  Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal.  However, pending a removal decision, the noncitizen may also be released on bond or conditional parole following an individualized hearing before an immigration judge. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As the removal process moves forward, the government has determined that Xiao should not be afforded a bond hearing or a proceeding to determine whether he is a danger to the community or a flight risk.  The court thus turns to Xiao's due process claim under the Fifth Amendment of the United States Constitution.

It is undisputed that Xiao entered the United States illegally and was apprehended at or near the United States-Mexico border.  Nonetheless, people who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton,

---

[5] Xiao is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Barbosa da Cunha, 175 F.4th at 96.  His application for asylum does not evidence that he is seeking admission but reflects efforts to obtain lawful status and avoid removal.  Hernandez Alvarez, 175 F.4th at 1268 ("an alien's status as 'admitted' conveys more than a right to lawfully remain in the United States -- indeed, there are many forms of 'lawful status' that grant an alien the right to remain, yet do not necessarily amount to 'admission,' such as asylum and temporary protected status").  Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Barbosa da Cunha, 175 F.4th at 96.

496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

To reiterate, "[n]o person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Based on the analysis above, Xiao has been detained for approximately eight months under a statute that does not apply to him.[6]  Without an ability to

---

[6] Under such facts, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) leads to a conclusion that Xiao's indefinite imprisonment at FCI-Lewisburg without bond is a violation of his constitutional rights.  Those factors are: 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335. First, petitioner's private interest is the interest in not being physically detained by the

obtain release on bond and/or conditions, Xiao has experienced a clear procedural due process violation.

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008).  In this case, and after careful consideration, Xiao will be released.

In response to the petition, the government has not provided any information indicating that the petitioner is a danger to the community or a flight risk.  Xiao's averments about being the victim of an assault, not an aggressor, go unrebutted.  With respect to risk of flight, Xiao was detained at an ICE office in New York after he walked in on his own accord.  He has asylum and withholding

---

government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted).  Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk— that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel, 2025 WL 3516865, at *6 (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F.Supp.3d 397, 409 (D.N.J. 2025); Quispe, 819 F.Supp. 3d at 372–73.  As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through indefinite detention without any individualized determination that this petitioner poses a flight risk or danger to the community. But this goes too far for the reasons discussed in the body of this memorandum.

claims pending administrative appeal.  His wife and children reside in the New York metro area.  There is also no evidence of him absconding from ICE or shirking any of the supervision requirements imposed on him prior to detention.  Rather, per Xiao's unrebutted allegations, he was working and supporting his family in New York City.  Based on the above evidence, only immediate release will remedy the due process violation in this case.

Xiao requests that his release be accompanied by "reasonable conditions of supervision in lieu of detention." (Doc. 1, Pet. at 21).  Petitioner's request will be granted.  The government may resume monitoring Xiao under the same conditions that existed prior to his detention.  It may not impose additional conditions on Xiao's release, including any form of body-worn electronic monitoring, unless those conditions were in place immediately before his detention.  Also, to be clear, nothing in this order precludes the government from detaining Xiao in the event of a material change in circumstances, including any re-detention under 8 U.S.C. § 1226(c) or § 1231(a).

Consequently, it is hereby **ORDERED** that:

1) Xiao Qin's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) Xiao's current detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and ongoing detention without an opportunity for release on bond or conditions violates his right to due process of law;

9

3) The government shall **immediately** release Xiao from its custody;

4) On or before **June 26, 2026 at 12:00 noon**, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Xiao has been released;

5) The government shall release Xiao under the same conditions that existed prior to his detention, including release: (1) in New York City where the petitioner resides; (2) without the imposition of any new conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

6) The government is temporarily enjoined from re-arresting Xiao for a period of 7 days to ensure that this habeas remedy is effective;

7) Xiao's motion for a temporary restraining order, (Doc. 2), is **DENIED** as moot; and

8) The Clerk of Court is directed to **CLOSE** this case.

Date: 6|23|26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court